Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
901 N. Monroe, Ste 356
Spokane, WA  99201
Telephone:  509-327-2224
Facsimile:   509-327-3374 Fax
Email:        bobmitchellaw@yahoo.com

*Attorney for Plaintiffs, Stanley and Bertha Graves*

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| STANLEY WARD GRAVES and BERTHA GRAVES, | NO. |
| Plaintiff, | PLAINTIFFS' COMPLAINT |
| v. | |
| QUICK COLLECT, INC., an Oregon Corporation, and GREGORY A. NIELSON, a Washington Attorney (WSBA No. 23702), | |
| Defendants. | |

COME NOW, Plaintiffs, STANLEY and BERTHA GRAVES, by and through their counsel, ROBERT MITCHELL, and complain against the Defendants as follows:

### I.    STATEMENT OF THE CASE

This is an action for injunctive relief to prevent similar violations and to protect the citizens of Washington State from Defendants' intentional violations of the Fair Debt Collection Practices Act, *inter alia*.

COMPLAINT                                                             1                      Robert Mitchell, Attorney at Law
                                                                                              901 N. Monroe, Suite 356
                                                                                              Spokane, WA  99201
                                                                                              (509) 327-2224      Fax (509) 327-3374

## II. PARTIES

2.1  Plaintiff, STANLEY and BERTHA GRAVES, (hereinafter "Plaintiff") are residents of Huntington, Oregon.

2.2  Plaintiff, Stanley Graves, received medical services from Oregon Health Sciences University Medical Group (OHSU).

2.3  The medical services received were primarily for personal, family, and household purposes.

2.4  Plaintiff is therefore a "debtor" as defined by 15 U.S.C. §1692, et seq.

2.5  Due to becoming totally disabled, Plaintiff was unable to immediately pay for the services.

2.6  The debt was therefore assigned to Defendant for collections.

2.7  Defendant, QUICK COLLECT, INC., (hereinafter "Defendant") is an Oregon Corporation headquartered in Vancouver, Washington.

2.8  Defendant is registered to conduct business in Oregon pursuant to Registry Number 209692-18.

2.9  Defendant is registered to conduct business in Washington pursuant to UBI No. 601109083.

2.10  Defendant is a collection agency and regularly collects third-party debts in the state of Washington.

2.11  Defendant, Attorney Gregory A. Nielson, is a Washington Licensed Attorney with his principal office located in Vancouver, Washington.

2.12  Defendant, Attorney Gregory A. Nielson, is in-house counsel for Defendant, Quick Collect, Inc.

COMPLAINT                                                    2                    Robert Mitchell, Attorney at Law
                                                                                  901 N. Monroe, Suite 356
                                                                                  Spokane, WA  99201
                                                                                  (509) 327-2224      Fax (509) 327-3374

2.13   Defendant, Attorney Gregory A. Nielson, is a "debt collector" pursuant to the provisions of the Fair Debt Collection Practices Act, the Washington Collection Agency Act, the Washington Consumer Protection Act, and the Oregon Unfair Trade Practices Act.

2.14   Both Defendants made attempts to collect the debt at the heart of this litigation.

### III.   JURISDICTION AND VENUE

3.1   Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominant issues of federal law, and where both Defendants' principal places of business are in Clark County, Washington, and where the majority of the acts at issue and described herein occurred in the Western District of Washington, and where Plaintiffs voluntarily submit to the jurisdiction of this Court, and where the Defendants engage in substantial business in this district, and where this case involves violations of federal statute.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2   Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, et. seq., as well as other applicable federal and state laws.  Defendants are also liable unto Plaintiff pursuant to the laws of the State of Washington and the State of Oregon, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

### IV.   FACTS

4.1   Plaintiff sought medical treatment from OHSU.

4.2  The medical services were primarily for personal, household, and family purposes.

4.3  The services were consumer related.

4.4  Plaintiff's injuries left him permanently and totally disabled.

4.5  As a result, Plaintiff was unable to immediately pay for the services received from OHSU.

4.6  Therefore, OHSU assigned the debt to Defendants for collection.

4.7  Defendants filed a lawsuit to collect the debt during March or April of 2010.

4.8  Defendants served Plaintiffs with a copy of that lawsuit on April 22, 2010.

4.9  On May 10, 2010, Plaintiff's attorney mailed and faxed Defendant, attorney Gregory A. Nielson, a "Notice of Appearance."

4.10  The Notice of Appearance was for the collection lawsuit Defendants filed in attempt to collect the OHSU account.

4.11  On May 13, 2010, Defendant, Gregory A. Nielson, on behalf of Defendant, Quick Collect, Inc., mailed a letter directly to Plaintiff's attorney expressing intent to default Plaintiffs.

4.12  Defendants obviously knew on May 13, 2010, that Plaintiffs are represented by an attorney because Defendants mailed the correspondence directly to Plaintiff's attorney.

4.13  Plaintiff's attorney responded with a letter dated May 21, 2010, which was mailed directly to Defendant, attorney Gregory A. Nielson.

4.14  Gregory A. Nielson responded with "Notice of Entry of Judgment"

on June 4, 2010.

4.15 On June 7, 2010, Defendant, Gregory A. Nielson mailed a letter to Plaintiff's attorney in response to Plaintiff's attorney's May 21, 2010, correspondence.

4.16 On June 10, 2010, Plaintiff's attorney mailed a letter to Defendant, attorney Gregory A. Nielson, which stated in pertinent part:

> I received your letter dated June 7, 2010, regarding the judgment issued in the above referenced case. Please inform your client that all of Defendants' income is derived from exempt sources. Additionally, the only money deposited into Defendants' bank account(s) derives from these exempt sources. You should therefore refrain from initiating any garnishments in this case. Please inform me if you require financial statements to verify these exemptions. As you likely know, the Graves recently suffered a serious medical condition which resulted in the Graves incurring medical bills of almost $300,000. Mr. Graves is disabled and no longer able to work. Mrs. Graves spends her days caring for her husband. Neither individual earns an income great enough to garnish. Most of their income derives from exempt government benefits. You should therefore refrain from attempts to garnish income or bank accounts. Finally, given your status as a "debt collector" subject to the provisions of the FDCPA, it may behoove you to avoid engaging in any actions that could be perceived as "unfair" while attempting to collect this debt.

4.17 To ensure that all parties had notice of Plaintiff's representation, and notice of Plaintiff's dispute of the debt, on June 16, 2010, Plaintiff's attorney, Robert Mitchell, mailed Defendants and the original creditor a letter.

4.18 That letter 1) Informed Defendants that Plaintiff is represented by an attorney; 2) Disputed the debt; and 3) Requested validation of the account.

4.19 Defendants never mailed Plaintiff's attorney any validation

COMPLAINT 5

documents.

4.20   Then, despite the above notices and correspondence, and despite having absolute knowledge that Plaintiff is represented by an attorney, Defendants mailed a collection letter directly to Plaintiff on August 10, 2010.

4.21   Defendants' collection letter makes at least one threat.

4.22   Defendants' collection letter states: "THIS SITUATION MUST BE RESOLVED AS SOON AS POSSIBLE TO AVOID CONTINUED COLLECTION ACTIVITY."

4.23   Defendants' collection letter also states: "INFORMATION OBTAINED IS FOR THE PURPOSE OF COLLECTING A DEBT.  THIS IS FROM A DEBT COLLECTOR."

4.24   Defendants mailed a collection letter directly to Plaintiff despite knowing that Plaintiff disputed the debt, despite knowing that Plaintiff is represented by an attorney, and despite knowing Plaintiff's vulnerable state.

4.25   As a result, Defendants' collection letter caused Plaintiff substantial frustration, anxiety, and humiliation, especially given Plaintiff's already vulnerable state.

## V.   FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
(Application of the Statute)

5.1   Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2   Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly

obligated to pay any debt." (See 15 U.S.C. §1692a(3)).

5.3   Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (See 15 U.S.C. §1692a(5)).

5.4   Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (See 15 U.S.C. §1692a(6)).

5.5   The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts. (See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994).

5.6   An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent. (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice. He was regularly collecting consumer debts because that volume was great enough to meet the threshold.).

5.7   Defendant collection agency is, without a doubt, a "debt collector" as defined by the FDCPA.

COMPLAINT                                              7                    Robert Mitchell, Attorney at Law
                                                                            901 N. Monroe, Suite 356
                                                                            Spokane, WA  99201
                                                                            (509) 327-2224      Fax (509) 327-3374

5.8   Defendant collection attorney is, without a doubt, a "debt collector" as defined by the FDCPA, by virtue of the volume of collection cases he regularly files.

5.9   Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" which attempted to collect a debt owed to a third party.

## VI.   FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

(Communication With A Represented Debtor)

6.1   Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2   The Fair Debt Collection Practices Act states in pertinent part: "…a debt collector may not communicate with a consumer in connection with the collection of any debt – (2) if the debt collector knows the consumer is represented by an attorney…." 15 U.S.C. §1692c(a)(2).

6.3   The statute further states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."    15 U.S.C. §1692d.

6.4   Finally, the statute states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

6.5   In this case, Plaintiff's attorney mailed notice of representation and

request to cease all contacts with Plaintiff.  Several months later, on August 10, 2010, despite knowing that Plaintiff is represented by an attorney, Defendants mailed a collection letter directly to Plaintiff.

6.6   Not only were Defendants not allowed to directly communicate with Plaintiff because Plaintiff is represented, but Defendants were not allowed to send collection communications because Defendants had not yet validated the debt.  15 U.S.C. §1692g(b).

6.7   Therefore, because there was no legal purpose for the collection communication, and because Plaintiff is disabled, Defendants' conduct could have only served to harass, oppress, or abuse Plaintiff in connection with the collection of the subject debt.

6.8   As a result, Defendants' collection communication was unfair and unconscionable.

6.9   Defendants' contacts therefore violated the FDCPA.

6.10  Plaintiff was injured by Defendants' actions.

6.11  Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

6.12  Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.13  Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.  SECOND CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

("g Notice" Violation and False Representation)

7.1  Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2  The Fair Debt Collection Practices Act (FDCPA) states:

> If the consumer notifies the debt collector in writing…that the debt…is disputed…the debt collector shall cease collection of the debt…until the debt collector obtains verification of the debt…and a copy of such verification…is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b).

7.3  In this case, Plaintiff's attorney mailed Defendants a letter disputing the debt and requesting validation on June 16, 2010.

7.4  Therefore, pursuant to the above-referenced section of the statute, Defendants should have ceased all collection attempts until Defendants mailed Plaintiff's attorney validation documents.

7.5  Defendants never mailed any validation documents to Plaintiff's attorney.

7.6  Nevertheless, Defendants mailed a collection letter to Plaintiff several months later, on August 10, 2010.

7.7  Defendants' dunning letter therefore violated the statute.

7.8  Plaintiff was injured by Defendants' actions.

7.9   Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

7.10   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.11   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.  THIRD CAUSE OF ACTION

### (FDCPA - Outrage)

8.1   Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2   Defendants should be held liable for Outrage and associated damages under the FDCPA, regardless of state law requirements for the tort of outrage.  (See Grassley v. Debt Collectors, Inc., District of Oregon (1992)).

8.3   In this case, Defendants' collection communications with a debtor Defendants knew to be represented by an attorney, and who is disabled, were extreme, outrageous, unconscionable, intentional, willful and wanton, and served no other purpose but to annoy, harass, intimidate, and intentionally cause severe mental and emotional distress with the intent of coxing Plaintiff into paying a disputed debt.

8.4   Defendants' conduct caused Plaintiff extreme mental and emotional distress.

8.5   Defendants' conduct caused undue stress, anxiety, frustration, and humiliation immediately after the contact in question.

8.6   Defendants' conduct was a direct and proximate cause of Plaintiff's

injuries.

8.7 Defendants' actions were intentional, willful, wanton, unconscionable, unfair, and outrageous.

8.8 Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.   FOURTH CAUSE OF ACTION
(State Collection Agency Act Violation)

9.1 Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2 The Washington Collection Agency Act states that it is an unfair practice to: "Communicate with the debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney."  RCW 19.16.250(11).

9.3 "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor…."  RCW 19.16.250(12).

9.4 Defendants violated both sections of the statute where Defendants mailed a dunning/collection letter threatening collection action to a known represented debtor.

9.5 Because Defendants knew that the debtor was represented, and because Defendants knew that the debtor could not pay the debt due to recently becoming disabled, Defendants' direct communications with the debtor could have only served to harass, intimidate, threaten, and embarrass Plaintiff.

9.6 Plaintiff was injured by Defendants' actions.

COMPLAINT                                            12                    Robert Mitchell, Attorney at Law
                                                                            901 N. Monroe, Suite 356
                                                                            Spokane, WA  99201
                                                                            (509) 327-2224    Fax (509) 327-3374

9.7   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

9.8   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.9   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## X.   FIFTH CAUSE OF ACTION

(*Per Se* Consumer Protection Act Violation)

10.1   Plaintiff re-alleges paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2   Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

10.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

10.4   Additionally, the Washington Collection Agency Act prohibits communicating with a represented debtor, and communicating with a debtor for the purpose of harassment, intimidation, threatening, etc.  RCW 19.16.250(11)(12).

10.5   The Collection Agency Act states that such collection violations are *per se* violations of the Consumer Protection Act.  RCW 19.16.440.

COMPLAINT                                                         13                    Robert Mitchell, Attorney at Law
                                                                                                          901 N. Monroe, Suite 356
                                                                                                          Spokane, WA  99201
                                                                                                          (509) 327-2224     Fax (509) 327-3374

10.6   In this case, Defendants mailed a threatening collection letter directly to Plaintiff despite having absolute knowledge that Plaintiff is represented regarding the debt.

10.7   Defendants' actions violated the above-cited sections of the Collection Agency Act.

10.8   Therefore, Defendants' actions represent *per se* violations of the Washington State Consumer Protection Act.

10.9   Plaintiff was injured by Defendants' actions.

10.10   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

10.11   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.12   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XI.   SIXTH CAUSE OF ACTION

(Consumer Protection Act Violation – *In the Alternative*)

11.1   Plaintiff re-alleges paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2   In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

COMPLAINT                                                    14

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

11.3   One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the <u>Federal Trade Commission Act</u>, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. <u>§45(a)(1)</u>.

11.4   The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violative of the state Consumer Protection Act. 15 U.S.C. <u>§1692</u> et seq.

11.5   In addition to examining federal statutes to determine if a specific act is unfair and violative of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive. <u>Testo v. Dunmire Oldsmobile, Inc.</u>, 554 P.2d 349 (1976) citing <u>Tradewell Stores, Inc. v. T. B. & M., Inc.</u>, 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW <u>19.86.920</u>.

11.6   In <u>Testo</u>, the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned.

<u>Testo</u> at 350.

11.7   Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if the defendant violated Washington's CPA in the case at hand.

COMPLAINT                                         15            Robert Mitchell, Attorney at Law
                                                                901 N. Monroe, Suite 356
                                                                Spokane, WA  99201
                                                                (509) 327-2224     Fax (509) 327-3374

11.8   Under the FDCPA, it is an unfair act/practice to harass a debtor, or communicate with a debtor after receiving written notice of representation from the debtor's attorney, or communicate with a debtor after receiving a notice of dispute and request for validation without first validating the debt.

11.9   In this case, Defendants violated the FDCPA and the Washington Collection Statute by communicating with Plaintiff in a harassing manner after receiving notice that Plaintiff is represented by an attorney, and by making collection attempts without first validating the debt.

11.10 Where Defendants' collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and state collection statute, Defendants' collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

11.11 Therefore, Defendants committed unfair acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, et seq., where Defendants' collection communications violated the Federal Collection Statute (FDCPA).

11.12 Plaintiff was injured by Defendants' actions.

11.13 Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

11.14 Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

11.15 Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

# XII. SEVENTH CAUSE OF ACTION

(Oregon Revised Statute 646.608

(Unfair Trade Practice – *In the Alternative*)

12.1  Plaintiff re-alleges paragraphs 1 through 11, inclusive as though fully set forth herein.

12.2  Oregon law states that it is an unfair trade practice/act for a person to engage in any unfair conduct in trade or commerce in the course of the person's business, vocation or occupation.  ORS 646.608(1)(u).

12.3  In this case, Defendants mailed collection communications to a disabled debtor who Defendants knew was represented by an attorney for the purpose of attempting to collect a disputed debt.

12.4  Defendants made these contacts for the purpose of embarrassing, annoying, and humiliating Plaintiff into paying the disputed debt.

12.5  Defendants' conduct is therefore an unfair act/practice in violation of Oregon Statute.

12.6  Plaintiff was injured by Defendants' actions.

12.7  Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

12.8  Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

12.9  Defendants' actions illustrate why an injunction should be issued to prevent further harm to Plaintiff.

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

## XIII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A. For an Injunction preventing Defendants from ever again communicating directly with a debtor in attempt to collect a debt after receiving notice of representation from the debtor's attorney, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976), or in the alternative, pursuant to ORS 646.638(1);

B. For Actual Damages in an amount to be proven at the time of trial, pursuant to RCW 19.86, et seq., and 15 U.S.C. §1692 et seq.;

C. In the alternative, for Statutory Damages in the amount of $200, pursuant to ORS 646.638(1);

D. For Statutory Damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.;

E. For Treble any Actual Damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

F. In the alternative, for Punitive Damages in an amount to be determined by the trier of fact at trial, pursuant to ORS 646.638(1);

G. For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and ORS 646.638(3) and 15 U.S.C. §1692 et seq.;

COMPLAINT                                         18                    Robert Mitchell, Attorney at Law
                                                                        901 N. Monroe, Suite 356
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224     Fax (509) 327-3374

H. For interest on the above amounts as authorized by law;

I. For other relief as the Court deems just and equitable; and

J. For leave to amend this complaint as needed and as required.

## XIV. REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

DATED this   24th   day of February, 2011.

Respectfully submitted,

S//Robert W. Mitchell
ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiff