HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STANLEY WARD GRAVES and BERTHA GRAVES,<br><br>Plaintiffs,<br><br>v.<br><br>QUICK COLLECT, INC., an Oregon Corporation<br><br>Defendant. | No. CV11-5155RBL<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS<br>[Dkt. #7]. |

## I. INTRODUCTION

This matter is before the Court on Defendant Quick Collect's Motion to Dismiss under FRCP 12(b)(6). [Defendant's Motion to Dismiss, Dkt. #7, p. 1]. Plaintiffs Stanley and Bertha Graves allege several violations of the Fair Debt Collection Practices Act (FDCPA), the Washington Collection Agency Act, the Washington Consumer Protection Act (CPA), and the Oregon Unfair Trade Practice statute. [Plaintiff's Complaint, Dkt. #1, p. 8-17]. Plaintiffs seek an injunction, actual damages (or in the alternative statutory damages), and attorney's fees. [Dkt. #1, p. 18].

The Graves are residents of Huntington, Oregon. [Dkt. #1, p. 2,]. Quick Collect is an Oregon corporation headquartered in Vancouver, Washington. [Dkt. #1, p. 2]. Quick Collect is registered to conduct business in Oregon and Washington. [Dkt. #1, p. 2]. Quick Collect is a

collection agency and regularly collects third-party debts in the state of Washington. [Dkt. #1, p. 2].

Quick Collect sent a letter to either the Graves or the Graves' attorney, Robert W. Mitchell, telling Stanley Graves the amount owed, that it was the verification he had requested, and that it was from a debt collector for the purpose of collecting a debt. [Decl. of Nielson, Dkt. #8, p. 3, Exh. A]. Mr. Mitchell filed suit on behalf of the Graves against Quick Collect based on this communication, claiming it was sent directly to the Graves after Quick Collect knew they had retained an attorney.

## II. BACKGROUND

Plaintiff Stanley Graves received medical services from Oregon Health Sciences University Medical Group ("OHSU"). [Dkt. #1, p. 2, Complaint]. Mr. Graves was unable to pay for the services and the debt was assigned to Quick Collect in February 2010. [Dkt. #1, p. 2; Dkt. #7, p. 1]. Quick Collect filed a lawsuit to collect the debt in Multnomah County Circuit Court in March 2010. [Dkt. #1, p. 4; Dkt. #7, p. 1]. Quick Collect served the Graves with a copy of that lawsuit on April 22, 2010. [Dkt. #1, p. 4]. On May 10, 2010, the Graves' attorney, Mr. Mitchell, mailed and faxed Quick Collect's attorney, Gregory A. Nielson, a "Notice of Appearance" in the collection lawsuit Quick Collect filed in attempt to collect the OSHU account. [Dkt. #1, p. 4; Dkt. #7, p. 2]. The Graves never filed responsive pleadings. [Dkt. #7, p. 2]. On May 13, 2010, Mr. Nielson sent Mr. Mitchell a notice of intent to default the Graves. [Dkt. #1, p. 4]. Judgment was submitted and entered on June 2, 2010. [Dkt. #7, p. 2].

On June 16, 2010, Mr. Mitchell sent Quick Collect a letter of "Notice of Representation, Cease Contact, and Verify Debt." [Dkt. #1, p. 5; Dkt. #7, p. 2]. The parties disagree about

whether Mr. Mitchell sent this letter only to the original creditor OSHU or whether he sent it to OSHU, Quick Collect, and Mr. Nielson. [Dkt. #1, p. 5; Dkt. #7, p. 2].

Mr. Mitchell alleges that he never received any validation documents but rather Quick Collect sent his clients, the Graves, a collection letter on August 10, 2010.[1] [Dkt. #1, p. 5-6]. Mr. Nielson alleges that Mr. Mitchell's letter of "Notice of Representation, Cease Contact, and Verify Debt" was sent only to OSHU who forwarded the letter on to Quick Collect in August 2010. [Dkt. #7, p. 2]. Mr. Nielson alleges Quick Collect sent the requested verification to Mr. Mitchell at his Vancouver address on August 10, 2010.[2] [Dkt. #7, p. 2].

### III. STANDARD

**A. The Court Will Treat This Motion as a Motion to Dismiss Under Rule 12(b)(6) Because the Court Has Not Considered Matters Outside The Pleadings.**

The Graves ask the Court to treat Quick Collect's Motion to Dismiss as one for Summary Judgment because Quick Collect presented a matter outside the pleadings.[3] The Graves contend that Mr. Nielson's declaration is a matter outside the record. [Plaintiffs' Response, Dkt. #9, p. 2].

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). A Motion to Dismiss does not automatically convert into a motion for summary judgment if the district court has not relied on matters outside the pleadings. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003).

---

[1] Mr. Mitchell has not submitted any declarations to support this claim, it is simply alleged in Plaintiffs' complaint.

[2] Mr. Nielson merely states that he instructed Quick Collect to send the letter to Mr. Mitchell's Vancouver address, there are no other declarations provided to support this statement.

[3] The purpose of this request is unclear. Plaintiffs' burden is far steeper on a Motion for Summary Judgment. In any event, there is no evidence on either side, just competing allegations contained in pleadings.

ORDER - 3

The Court has not relied on matters outside the Complaint. To the extent that Mr. Nielson presented evidence outside the Complaint, none of those statements were personal statements of having sent the disputed letter. Since the Court has not relied on any matters outside the pleadings, it will treat Quick Collect's Motion as a Motion to Dismiss under Rule 12(b)(6).

**B. Failure to State a Claim Upon Which Relief Can Be Granted Standard (Fed. R. Civ. P. 12(b)(6))**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

# IV. DISCUSSION

**A. Fair Debt Collection Practices Act Violation (Communication with a Represented Debtor)**

The Fair Debt Collection Practices Act (FDCPA) is intended to protect consumers from abusive debt collections practices. 15 U.S.C. §1692(e). By definition of the FDCPA the Graves are debtors, the debt pursued by Quick Collect is a "consumer debt" that arose out of a transaction of services primarily for personal, family, or household purposes, and Quick Collect is a debt collector that attempted to collect a debt owed to OSHU. Under the FDCPA, a debt collector may not directly contact a debtor in connection with the collection of any debt if the debt collector knows the debtor is represented by an attorney with respect to such debt. 15 U.S.C. §1692c(a)(2).

The Graves' sole allegation is that Quick Collect mailed Stanley Graves a collection letter on August 10, 2010, despite knowing that he was represented by an attorney. [Dkt. #1, p. 9]. The Graves argue that it was a collection letter because it stated "This situation must be resolved as soon as possible to avoid continued collection activity. Information obtained is for the purpose of collecting a debt. This is from a debt collector." [Dkt. #1, p. 6]. Quick Collect asserts that it was not a collection letter but rather a verification letter. [Dkt. #7, p. 3]. Quick Collect's assertion is supported by the first sentence of the letter, "[e]nclosed you will find the verification requested." [Dkt. #8, p. 3, Exh. A].

Furthermore, Quick Collect argues that the letter was sent directly to the Graves' attorney Mr. Mitchell, not to the Graves. Quick Collect asserts that after it received Mr. Mitchell's Notice of Appearance it removed critical address information from the Graves' account to ensure that no communication by mail could occur. [Dkt. #7, p. 2]. Quick Collect notes that the Graves' city,

state, and zip code are missing on the letter, so as to prevent a successful mailing of it in a "view envelope" for which it is formatted. [Dkt. #7, p. 2-3].

There is a complete lack of admissible evidence as to the letter's recipient(s) and purpose. Quick Collect has not produced a declaration by the employee that sent the letter and the Graves have not produced a declaration by Stanley or Bertha Graves that they received the letter. Additionally, while Quick Collect points out that there is no city, state, or zip code on the letter, Mr. Mitchell's address is not on the letter and neither side has produced the addressed envelope in which the letter was sent.

This factual dispute will directly affect the outcome of the Graves' lawsuit because it must be determined whether Quick Collect directly contacted the Graves after it had notice of representation. Quick Collection's Motion to Dismiss the Graves' claim of violation of the FDCPA by communication with a represented debtor is DENIED.

**B. Fair Debt Collection Practices Act Violation ("g. Notice" Violation and False Representation)**

Under the FDCPA, if a consumer notifies a debt collector in writing that the debt is disputed, the debt collector must cease collection of the debt until the debt collector receives verification of the debt and this verification is mailed to the debtor by the debt collector. 15 U.S.C. §1692g(b).

The Graves assert that their attorney Mr. Mitchell mailed Quick Collect a letter disputing the debt and requesting validation on June 16, 2010. [Dkt. #1, p. 10]. Quick Collect asserts that the letter by Mr. Mitchell was sent to the original creditor OSHU, who forwarded the letter on to Quick Collect in August 2010. [Dkt. #7, p. 2] Quick Collect argues that once the letter was received on August 5, 2010, Quick Collect sent the requested verification to Mr. Mitchell at his Vancouver address on August 10, 2010. [Dkt. #7, p. 2].

ORDER - 6

The Graves contend that the letter is a notice violation and false representation, yet refer to the section on disputed debts in their complaint. [Dkt. #1, p. 10]. The Graves have not presented any facts to support a claim of false representation. The Graves' claim of violation of the disputed debt comes back to the factual issue of whether the letter sent by Quick Collect was a verification of the debt, as Quick Collect asserts, or whether it was a collection letter, as the Graves assert. [Dkt. #1, p. 9; Dkt. #7, p. 3].

The facts alleged by the Graves over the verification of a disputed debt rise above a speculative level. Quick Collect's Motion to Dismiss the Graves' claim of violation of the FDCPA by verification of a disputed debt is DENIED.

**C. Fair Debt Collection Practices Act Violation (Outrage)**

The Graves contends that Quick Collect should be held liable for Outrage under the FDCPA, regardless of state law requirements for the tort of outrage. [Dkt. #1, p. 11]. The Graves cite *Grassley v. Debt Collectors* as support, but this case is irrelevant to the matter at hand. No. 91-221-MA (D. Or. Apr. 13, 1993). The Graves allege that Quick Collect knew the Graves were represented by an attorney, that Stanley had a disability, and that Quick Collect's letter served no other purpose than to "annoy, harass, intimidate, and intentionally cause severe mental and emotional distress." [Dkt. #1, p. 11]. Quick Collect has not addressed this specific claim.

This claim by the Graves is flawed because it fails to cite to any relevant law. The Graves assert that the letter sent by Quick Collect was "extreme, outrageous, unconscionable, intentional, willful, and wanton…" [Dkt. #1, p. 11]. The elements of the tort of outrage are: (1) extreme and outrageous conduct (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress. *Dicomes v. State*, 113 Wash.2d 612, 630 (Wash. 1989). The conduct must be "so outrageous in character, and so extreme in degree,

as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Grimsby v. Samson*, 85 Wash.2d 52, 59 (Wash. 1975)). The Graves have provided no factual claims or declarations that attest to the alleged "undue stress, anxiety, frustration, and humiliation" Mr. Graves suffered immediately after receiving the letter. [Dkt. #1, p. 11].

This claim by the Graves has both an absence of sufficient facts and a lack of a cognizable legal theory. Quick Collect's Motion to Dismiss the Graves' claim of violation of the FDCPA by outrage is GRANTED.

**D. Washington Collection Agency Act Violation**

The facts relative to this claim of communication with a represented debtor are the same as those above for violation of the FDCPA by contact with a debtor. The Graves assert that Quick Collect's letter was threatening and served only "to harass, intimidate, threaten, or embarrass" the Graves because of Quick Collect's awareness of Stanley Graves inability to pay the debt due to disability. [Dkt. #1, p. 12]. Quick Collect does not dispute that Mr. Mitchell had sent a letter to Mr. Nielson notifying Quick Collect of Stanley Graves' disability. Notably, neither party has asserted whether Washington or Oregon is the applicable law. Logically, it would be Oregon law since the Graves are residents of Oregon and Quick Collect is an Oregon corporation.

The Washington State Collection Agency Act prohibits collection agencies from communicating "with a debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney." RCW 19.16.250(11). Additionally, it prohibits collection agencies from communicating with debtors in a manner intended to "harass, intimidate, threaten, or embarrass a debtor." RCW

19.16.250(12). Harassment may be found if (1) there is communication with a debtor or spouse more than three times in one week, (2) communication with a debtor at his or her place of employment more than once in a week, or (3) communication is made with the debtor or spouse at his or her place of residence between the hours of 9 p.m. and 7:30 a.m. RCW 19.16.250(12)(a-c).

The Graves have not presented any facts to support their assertion that the letter fits the enumerated descriptions of harassment or that the contents of the letter were intended to intimidate, threaten, or embarrass Mr. Graves. Quick Collect's Motion to Dismiss the claim of violation of the Washington Collection Agency Act by communicating in a manner intending to harass, intimidate, threaten, or embarrass the Graves is GRANTED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the Washington Collection Agency Act by communication with a represented debtor is DENIED.

**E. *Per Se* Washington Consumer Protection Act Violation**

If a collection agency engages in one of the prohibited acts enumerated in the Washington Collection Agency Act, then it is *per se* an unfair act or practice in the conduct of trade or commerce for the purpose of the application of the Washington Consumer Protection Act ("CPA"). RCW 19.16.440.

The factual issue of who received the letter must first be determined in order to evaluate the Graves' claim of violation of the Washington Collection Agency Act and thus to evaluate their claim of a *per se* violation of the Washington CPA. Quick Collect's Motion to Dismiss the Graves' claim of *per se* violation of the Washington CPA is DENIED.

**F. Washington Consumer Protection Act Violation- "*In the Alternative*"**

The Graves assert that the disputed letter was a violation of the Washington Consumer Protection Act in light of various federal statutes' definitions of what constitutes an unfair act or practice. [Dkt. #1, p. 14]. The Graves urge the Court to deem Quick Collect's actions a violation of the Washington CPA by virtue of violation of the FDCPA's prohibition on contacting a debtor who is known to be represented by an attorney or to communicate with a debtor after receiving notice of a dispute and not first validating the debt. [Dkt. #1, p. 16].

The relevant facts are the same as those discussed above in relation to contact with a debtor and verification of a debt under the FDCPA.

The Washington State CPA states that it is intended to complement the existing body of federal law governing unfair or deceptive acts. RCW 19.86.920. Though it is intended to complement the FDCPA, a violation under the Washington CPA still requires (1) unfair or deceptive act or practice (2) occurring in trade or commerce (3) public interest impact (4) injury to plaintiff in his or her business or property (5) causation. *Hangman Ridge v. Safeco Title*, 105 Wn.2d 778, 719 P.2d 531 (1986).

The Graves fail to allege sufficient facts or a cognizable legal theory on this claim. Quick Collect's Motion to Dismiss the Graves' claim of violation of the Washington CPA in light of federal law is GRANTED.

**G. Oregon Unfair Trade Practices Act Violation- "*In the Alternative*"**

The Graves assert that Quick Collect violated the Oregon Unfair Trade Practices Act by mailing collection communications to debtor with a disability who Quick Collect knew was represented by an attorney for the purpose of attempting to collect a disputed debt. [Dkt. #1, p. 17].

ORDER - 10

The relevant facts are the same as those discussed above in claims of violation of FDCPA for contact with a debtor with representation over a disputed debt.

The Graves' assertion does not fit any of the enumerated definitions of unlawful business practices. Rather they claim it is "unfair or deceptive conduct in business." ORS 646.608(1)(u). The Graves are unable to assert that Quick Collect's letter was a violation of the Oregon Unlawful Collection Practices Act it is not one of the sixteen enumerated prohibited practices. ORS 646.639.

The Graves' claim of violation of the Oregon Unfair Trade Practices Act is flawed because it fails to show what Oregon law deems "any other unfair act or deceptive conduct in business" and relies on the Court to rule that the disputed letter fits this unstated definition. ORS 646.608(1)(u). The Graves claim does not rise above mere speculation of unfair or deceptive conduct by Quick Collect. Quick Collect's Motion to Dismiss the Graves' claim of violation of Oregon Unfair Trade Practices Act is hereby GRANTED.

## V. CONCLUSION

Quick Collect's Motion to Dismiss the Graves' claim of violation of the FDCPA by communication with a represented debtor is DENIED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the FDCPA by verification of a disputed debt is DENIED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the FDCPA by outrage is GRANTED. Quick Collect's Motion to Dismiss the claim of violation of the Washington Collection Agency Act by communicating in a manner intending to harass, intimidate, threaten, or embarrass the Graves is GRANTED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the Washington Collection Agency Act by communication with a represented debtor is DENIED. Quick Collect's Motion to Dismiss the Graves' claim *per se* violation of the

ORDER - 11

Washington CPA is DENIED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the Washington CPA in light of federal law is GRANTED. Quick Collect's Motion to Dismiss the Graves' claim of violation of the Oregon Unfair Trade Practices Act is GRANTED. [Dkt. #7].

**IT IS SO ORDERED.**

DATED this 20th day of June 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE